## SUPREME COURT.

THOMAS HOLLOWAY, appellant, v. BENJAMIN F. STEPHENS, respondent.

In estimating damages resulting from repudiation of contract, a referee must base the same upon proof of performance, on the part of the plaintiff, of the several conditions of his contract, and not upon mere speculation and conjecture.

*General Term, December* 12, 1873.

APPEAL from judgment for defendant, &c., entered on report of referee.

S. P. NASH *and* M. B. MACLAY, *for appellant.*

A. J. VANDERPOEL *and* T. B. ELDRIDGE, *for respondent.*

DAVIS, *J.*—Assuming that the learned referee was entirely correct in finding that Haydock had full power, as plaintiff's agent, to make the several contracts with the defendant, and that the same were free from all fraud and collusion, and had, without fault on defendant's part, been broken by plaintiff, so as to subject the latter to damages, I am yet unable to see any satisfactory grounds upon which the recovery of the very large amount allowed by the referee can be upheld.

The referee allowed as damages for breach of the contracts the sum of $135,000. It is obvious that he took as the basis of this allowance the estimate of damages given by the defendant himself, as it appears at folio 142 of the case. On defendant's cross-examination (at folio 192 *et seq.* of the case) an analysis of this estimate appears. It seems to have been made upon a total of 217 newspapers—108 dailies, fifty tri-weeklies, and fifty-nine weeklies—and an average of adver-

tisement of 175 lines to each paper, and an insertion of the same 104 times in each paper, which is once in each week for two years; and, after deducting ten per cent "for probable deductions and failing of newspapers," and a specific sum for postages, a gross aggregate of $270,710.88 is reached, of which fifty per cent, to wit, $135,355.44, is declared to be estimated profits which the defendant would have received at the end of two years if the contracts had been fully carried out.

I have not been able to ascertain from the evidence in the case how the aggregate of 217 newspapers was attained. Certainly they are not mentioned in the several contracts. In the principal contract, that of July 25, 1865, schedule A contains the names of but 101 newspapers; the contract of August 21, 1865, but seventeen newspapers; the contract of August 30, 1865, relates to the *La Cronica*, a paper published in the city of New York, and that of June 13, 1865, relates to the *Prensa*, which seems also to be one of the seventeen contained in the contract of August 21. These are the four contracts upon which the referee has predicated his findings as to damages. There is either some confusion of figures in the case which is to me inexplicable, or else the additional papers have been brought in (as is most likely) under the provision of the contract of July 25, which provides that "papers that are not mentioned in this list (schedule A) in Mexico and Central and South America, that may have been in existence twelve calendar months, and do not yet contain Hólloway's advertisements, may be added to the above mentioned list, subject to the same orders of insertion and inspection, saving the Island of Cuba."

It nowhere appears in the evidence that such papers were in fact added to the list, nor that notice was given to the plaintiff or his agent that they would be added, and advertisements would be published in them under the terms of the contract. In respect to such papers, the defendant, so far as I am able to discover, put himself in no such position as to be

under obligations to plaintiff, or liable for any damages to him for failing to make the required publications, nor does he appear to have called upon the plaintiff or his agent to furnish the advertisement, &c., which he wished to have inserted. But however these suggestions may have been obviated in the mind·of the referee, it is very clear to me that an important and essential requisite, in its nature of a condition precedent, to a recovery in respect of a large portion, and, indeed, the great majority of the newspapers, was entirely omitted in the evidence.

The contract (of 25th July) contains this stipulation : "And it is distinctly understood and agreed upon by the signer hereof, that the schedule A papers must have been in existence as newspapers twelve months, and that no advertisements must be inserted in them of Holloway's preparations if his advertisement is already therein when offered by said Stephens, or, wanting these two essential points, this contract to be null and void." It will be observed that by the quotation above made from the same contract, this provision is distinctly applied to all papers not mentioned in schedule A, but which may be added thereto as stipulated in that part of the contract.

I am not able to see why the defendant was not bound to prove that the papers in his aggregate of 217, in which he had. been prevented from advertising by the plaintiff's repudiation, were such as he would have been entitled by the terms of the contract to have used.

It was upon him to show that they were papers that had been in existence " as newspapers " for twelve months, and that "Holloway's preparations " were not already advertised in them. No such evidence was given. On the contrary it did appear, in respect to several of the papers in which defendant actually published his advertisements, that Holloway's were already there. It seems to me to have been a fatal error to have allowed a recovery of·damages, without evidence on those points, upon the estimate made by the party himself.

Holloway agt. Stephens.

I suppose also from the evidence that the 217 papers included the number named in the defendant's list of newspapers (at folio 1628, page 408 of the case) in which publications were actually inserted, the charges for which are embraced in the $25,717.02 also allowed by the referee.   If this be so, it seems to follow that the damages recovered as to those papers have been duplicated to some extent, as the estimate on the whole 217 includes the full term of two years stipulated for by the contract, and consequently also covers the period paid for by the $25,717.02.

Upon the evidence offered as to the general damages, the measure claimed and allowed was, in my judgment, altogether too speculative and conjectural.   There should have been proof of the existence of the newspapers, of their standing as to time, that Holloway's advertisements were not already in them, and that they were ready and willing to insert them as low as the estimated cost of publishing adopted by the defendant in making up his estimate.

It should have been shown, also (since by lapse of time the two years of the contract had long before expired), that the newspapers had been permanent and would have been able to have continued the advertisements for the term stipulated.

I think there must be a reversal of the judgment and a new trial of the issues.